UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNTAY A. DORTCH,

           Petitioner,

vs.                            Case No. 2:10-cv-501-FtM-29SPC

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

           Respondent.
_____

## ORDER OF DISMISSAL

Petitioner Johntay A. Dortch ("Petitioner" or "Dortch"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on August 6, 2010.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #4), Respondent filed a response on April 11, 2011, seeking dismissal of the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C.

---

[1] The Petition (Doc. #1) was filed in this Court on August 16, 2010, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

§ 2244(d).[2]  See Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #15, Response) at 1. Respondent submits exhibits (Exhs. 1-27) in support of the Response.  Although directed by the Court to file a reply to the Response, Petitioner elected not to file a timely

---

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-2-

reply.  See generally docket.  Upon review of the record, the Court finds the Petition is subject to dismissal as untimely.

On October 10, 2005, Dortch admitted to violating his probation in case number 02-1743CF, in which he had previously been adjudicated guilty of aggravated battery.  Exh. 1.  On October 14, 2005, Dortch entered a no contest plea to case number 04-992CF (aggravated battery) and case number 05-15269 (solicitation to commit murder and tampering with a witness).  Exh. 2.  On **October 21, 2005,**[3] Dortch was sentenced in all three cases as follows: case number 02-1743CF (probation revocation) to 120 month in prison; case number 04-992CF (aggravated battery) to ten years in prison, case number 05-15269 (solicitation to commit murder) to ten years in prison and (tampering with a witness count) five years in prison.  The sentences in his respective cases to run concurrently.  Dortch did not file a direct appeal from his probation revocation or his plea-based judgements.  Consequently, his state convictions became final on **November 21, 2005.**  See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002); Fla. R. App. P. 9.110(b)(affording a defendant thirty days within which to file an appeal).  Because this date is after April 24, 1996, the effective date of the AEDPA,  Petitioner's one-year time period for filing a

---

[3] In an abundance of caution, the Court will give Petitioner the benefit of the November 21, 2005 date for purposes of determining the date Petitioner was sentenced as this is the date that Lee County Clerk of Court filed the judgments in each of Petitioner's cases, although it appears that Petitioner was sentenced in his respective cases at the time he entered his pleas. See Exhs. 1 and 2.

federal habeas petition challenging his conviction expired on **November 21, 2006.** Consequently, the Petition filed in this Court would be untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the federal time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Here, **65 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), provided to prison officials at Glades Correctional Institution for mailing on **January 25, 2006.**  Exh. 4. The post-conviction trial court denied the motion on May 1, 2006. Exh. 5.[4]  Dortch did not appeal the denial of the Rule 3.800 motion.

Here, Dortch garners no tolling for his second Rule 3.800(a) motion, filed on March 21, 2007, Exh. 6, because the federal limitations had already expired by the time Dortch filed this motion. Once the AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).  More specifically, the remainder of Dortch's post-

---

[4]Again the Court gives Petitioner the benefit of the date that the order denying Petitioner relief on his Rule 3.800(a) motion was file, May 1, 2006, as opposed to the date the order was denied, on April 26, 2006.

conviction filings were filed by Petitioner after **February 25, 2007**, the date Dortch's federal limitations period expired; and thus, "cannot toll that period because there is no period remaining to be tolled." Tinker, 255 F.3d at 1333.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases."  Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565.  Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011).  The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).  Here, Petitioner offers no explanation or argument as to why he should be entitled to equitable tolling. See generally Petition.

Based upon the foregoing, the Court finds the Petition is time barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be

imposed upon him.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY (COA) AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 S. Ct. 1481, 1485 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of December, 2012.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record